IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM GREGORY HARTWELL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:12-cv-00351 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Plaintiff, William Gregory Hartwell, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his constitutional rights by failing to transfer him to a Virginia Department of Corrections ("VDOC") facility. The court finds that Hartwell has failed to state a claim of constitutional magnitude and, therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Hartwell alleges that he is a state inmate and was sentenced to serve his time in the state penitentiary. Hartwell is currently housed at the Roanoke City Jail. Hartwell argues that pursuant to VDOC policy, he should have been moved to a VDOC facility within 90 days of his sentencing. The court finds that Harwell has no constitutional right to be housed in a VDOC facility and, therefore, dismisses his complaint for failure to state a claim.

In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484

(1995). Inmates have no protected liberty interest in being confined in any particular type of prison, even when conditions in one prison are more restrictive or harsh than conditions in other prisons. Meachum v. Fano, 427 U.S. 215 (1976); Olim v. Wakinekona, 461 U.S. 238, 247-48 (1983). Thus, the mere fact that Hartwell remains confined in a jail setting, despite his VDOC sentence, does not deprive him of any constitutionally protected right. Therefore, the court finds that Hartwell has failed to state a claim of constitutional magnitude.

### III.

For the stated reasons, Hartwell's action is dismissed, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim.

**ENTER**: This 19th day of September, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE